UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAUL CONTRERAS,

        Petitioner,                     Case Number: 22-cv-11125
                                                              Honorable Paul D. Borman

v.

MICHAEL BOUCHARD,

        Respondent.

_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Raul Contreras has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Contreras is detained at the Oakland County Jail. Although the petition does not state why he is being held, it appears that Contreras has been charged with two counts of assault with intent to murder, five counts of felony firearm, one count of discharging a firearm in or at a building, and three counts of malicious destruction of property and is awaiting trial in the Oakland County Circuit Court. *See People v. Contreras*, No. 2020-274746. Contreras argues that he has been denied reasonable bail, denied the effective assistance of counsel, and denied the right to a speedy trial. He also claims that the conditions of his present confinement violate the Eighth Amendment.

Contreras has not exhausted available state remedies for his constitutional claims and the Court must abstain from interfering with the State's prosecution of Contreras. Accordingly, the Court will dismiss the habeas petition.

I.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases.

II.

Title 28 U.S.C. § 2241 confers upon federal courts jurisdiction to consider pretrial habeas corpus petitions. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). A state prisoner must exhaust state court remedies before seeking federal habeas relief. *Id.* The exhaustion requirement is satisfied when the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 847 (1999). Thus, to properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Federal district courts ordinarily must dismiss

habeas petitions containing any claims that have not been exhausted in state court. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Contreras has not alleged or otherwise shown that he exhausted his state court remedies for any of his claims and his petition will be dismissed.

Additionally, and alternatively, even if the Court were to excuse the exhaustion requirement, the Court would decline to decide Contreras's petition at this time. Federal courts do not interfere with pending state criminal proceedings "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). Federal courts abstain from cases that would interfere with a state prosecution when (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff or petitioner has an adequate opportunity in the state proceeding to raise constitutional challenges. *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017). In this case, all three requirements are met. Contreras has an ongoing state criminal case pending in the Oakland County Circuit Court. State court criminal proceedings clearly implicate important state interests and those proceedings also provide an adequate opportunity for Contreras to raise his constitutional challenges. Contreras has alleged no facts to show that he is or will be unable to exhaust these constitutional claims in the state court.

Finally, Contreras's claim that he is in danger of contracting Covid-19 is also subject to dismissal because this claim is not exempt from the exhaustion requirement. *See, e.g.*, *Smith v. Jackson*, No. 20-2264, 2021 WL 2555478, at *2 (6th Cir. June 3, 2021)

(affirming district court's dismissal of state prisoner's § 2241 petition for failure to exhaust his claim that he should be released because of the COVID-19 pandemic).

### III.

Before Contreras may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Contreras makes no such showing and a certificate of appealability will be denied.

### IV.

For the reasons stated, the Court **ORDERS** the petition for a writ of habeas corpus **DISMISSED WITHOUT PREJUDICE**.

The Court further **ORDERS** that a certificate of appealability is **DENIED**.

                                                 s/Paul D. Borman  
                                                 PAUL D. BORMAN  
                                                 UNITED STATES DISTRICT JUDGE

Dated: July 13, 2022